WILLIAM A. HAMMOND *et ux.,* Appellants, *vs.* WILLIAM H. WOOD *et al.*

The bond given by an executor on receiving letters testamentary must be a bond binding him personally at common law.

Hence, when a married woman was nominated executrix by a testator who directed that no sureties be required on her bond : —

*Held,* that her personal bond was required, and that, being a married woman, she was unable to execute such a bond.

*Held,* further, that she could not give a bond jointly with her husband under Pub. Stat.
R. I. cap. 166, § 4.

Non-residence is not an insuperable objection to the appointment of an executor.

*Query,* whether, under the statutes of Rhode Island, coverture precludes a woman from taking out letters testamentary or administrative.

APPEAL from the Probate Court of the town of North Providence.

*July* 16, 1887. PER CURIAM. The question here presented arises as follows, to wit: Daniel W. Lyman, late of North Providence, died December 19, 1886, leaving a will dated July 14, 1885, and a codicil thereto, dated September 18, 1886. The will contains the following clause making provision for its execution, to wit: " I appoint as executors of this my last will and testament William H. Wood, William A. Hoppin, and Esther D. Chapin, requesting them to use their best judgment about the time for selling the property, and direct the entire property to be kept together for one year after my death, and the income, from whatever source, after necessary expenses, taxes, and so forth are deducted, to be divided equally between them as and for their salary or fee for being my executors." When the will was made, Esther D. Chapin was a single woman, but before the codicil was made she married William A. Hammond, of New York. The will and codicil were admitted to probate by the Probate Court of North Providence, January 19, 1887, and letters testamentary were ordered to issue to William H. Wood and William A. Hoppin, as joint executors, upon their giving their joint and several bond, without sureties, to the court, in the sum of $100,000, but were refused to Mrs. Hammond for the reason that she was a married woman and a citizen of the State of New York, and therefore incapable of discharging the trusts of executrix and giving bond as required by the statute. Mr. and Mrs. Hammond appealed from the decree, and the question which we are called upon to decide is, whether she is entitled to qualify as executrix and have letters testamentary issued to her jointly with the other executors.

We do not think that residence in another state creates any insuperable objection to her appointment. The question, therefore, is whether she is disqualified by being a married woman. At common law, a married woman was not incapacitated from acting as executrix if her husband assented to her acceptance of the trust.

Dr. Hammond does assent, and asks for his wife's appointment. We have no statute which directly makes a married woman incapable of being appointed executrix. We have a statute, however, that, if an executrix marries after her appointment as such, her powers shall cease, and her co-executor or executors shall discharge the trust, the same as if she was dead; or, if she was a sole executrix, administration shall be granted to some other suitable person. Pub. Stat. R. I. cap. 184, §§ 19, 20.[1] It has been argued that this provision impliedly makes a married woman incapable of appointment, but in the State of Maine, where a similar statute exists, the Supreme Judicial Court has decided that it cannot be so extended by implication. *Stewart, Appellant*, 56 Me. 300. We do not deem it necessary to come to a conclusion upon this point, since we feel constrained to decide the case adversely to the appellants upon another ground.

Our statute provides that an executor shall be exempt from giving a bond, or from giving a bond with sureties, whenever the testator shall have ordered or requested such exemption. Pub. Stat. R. I. cap. 184, § 14. In this case the testator requested that no sureties be required on any bond of his executors, thus leaving his executors at liberty to give simply their personal bond, but making it incumbent upon them, in order to satisfy the statute, to

---

[1] As follows:—

"SECT. 19. Whenever any unmarried woman shall, jointly with one or more persons, be appointed executrix or administratrix, and after such appointment shall marry, during the life of the other executor or administrator, such marriage shall not make the husband an executor or administrator in her right, but shall operate as an extinguishment or determination of the power and authority of such woman, and the other executor or executors, administrator or administrators, may proceed in discharging the trust reposed in them, in the same way and manner as if such woman were dead.

"SECT. 20. Whenever any unmarried woman, executrix or administratrix, shall marry, such marriage shall not make her husband an executor or administrator in her right, but shall operate as an extinguishment of the power of such woman; and the Court of Probate shall thereupon grant administration upon the unadministered part of the estate to such husband, or to any other suitable person, who may prosecute or defend any suit which may have been commenced by or against the first executrix or administratrix, in the same manner and to the same purpose and effect as she might have prosecuted or defended the same if her trust had continued."

give such a bond. The question is, whether Mrs. Hammond can give such a bond. Doubtless she can give such bond as a matter of form, but in effect such her bond would be utterly void, and therefore, in our opinion, it would not answer the requirement of the statute. The appellants contend that she can satisfy the statute by giving her husband's bond, or the bond of some other person, and cite cases from other courts to that effect; but in *Townsend* v. *Hazard,* 9 R. I. 254, this court, construing a provision of a statute which required that in case of appeal the appellant should give bond, decided that the giving of the bond of a stranger to the suit would not satisfy the requirement. The requirement to give bond with sureties is frequent in our statutes. Thus, the general treasurer of the State, the treasurers of the several towns, the clerks of the Supreme Court and Court of Common Pleas, the sheriffs and their deputies, are required to give bond with sureties, and they have in practice given their own bonds with sureties, and it has been supposed were required to do so. Moreover, the form of an administration bond given by the statute is a form in which the administrator or executor obliges himself as principal. We think, therefore, that the bond of Dr. Hammond or a stranger will not answer.

The appellants contend that, if the statute requires a woman to give a bond in order to become an executrix, then, since it does not exclude a married woman from acting as an executrix, it must be construed as enabling her to give bond. We do not think this argument is sound; for, though the statute does not expressly exclude her, neither does it expressly permit her to act as executrix, and therefore it seems to us that the sounder inference is, that, if it requires a bond, married women, being incapable of giving it, are thereby excluded.

We do not think that Mrs. Hammond has authority, jointly with her husband, to give bond as executrix, by virtue of Pub. Stat. R. I. cap. 166, § 4,[1] and it does not appear that she has any equitable estate which she can bind by her bond, even if in equity

---

[1] As follows : —

" SECT. 4. The covenants and agreements of a married woman, hereafter made, relating to the real estate, chattels real, household furniture, plate, jewels, stock or shares in the capital stock of any incorporated company, money on deposit in any savings bank or institution for savings, with the interest thereon,

such a bond would bind her equitable estate. We think, however, the bond required by the statute is an instrument which must bind the obligor personally at common law.

The appellants argue that a bond without surety gives no security to the estate, or those having claims upon it, beyond what they would have without it, and that the purposes of the testator will be disappointed if Mrs. Hammond cannot receive the appointment, because he intended the year's income which he gives to her and the other persons named as executors, "as and for their salary or fee for being my executors," partly by way of testamentary bounty as well as compensation. We shall regret it if the testator's purposes are disappointed in this respect, or if any benefit which he intended for Mrs. Hammond fails to come to her; but if, as the appellants assume, her receiving her share of the year's income depends upon her becoming executrix, and she cannot become such on account of her inability to give the bond required, we have no power to help her by dispensing with such bond.

We think that the decree of the court below must be affirmed.

*George L. Gower & Walter H. Barney*, for appellants.

*William G. Roelker*, for appellees.

---

or debts secured by mortgage on property, which are the property of any woman before marriage, or which may become the property of any woman after marriage, shall be binding upon her and her legal representatives, when made by deed in which such married woman joins with her husband, such deed to be acknowledged by such married woman in the manner provided for in section eight of this chapter."