In the matter of the probate of the last will and testament of
PHILIP ACKER, deceased, and of letters testamentary
thereon.

[Decided December 29th, 1905.]

1. On an appeal from an order of the orphans court it is improper for
the appellant to annex to the record the argument of counsel.

2. That the person named in a will as executor is a non-resident is
no ground for refusing to grant him letters testamentary.

3. That the person named in a will as executor claims a considerable
part of the estate under a conveyance to him by the testator, which was
adjudged to be a mortgage and not an absolute conveyance, resulting in
antagonistic feelings between the executor and the legatees, is not a suf-
ficient reason for excluding him from the executorship.

4. The section of the Orphans Court act which provides that if the ex-
ecutor named in a will neglects for forty days after the testator's death to
prove the will, administration with the will annexed shall be granted to
the next of kin or to such other person as will accept it, does not apply
where there is a reasonable excuse and the legatees and next of kin
neglect to assert the executor's failure to act within the time prescribed
and until after the executor has presented the will and is endeavoring,
in due form, to secure its probate.

On appeal of Joseph B. Acker from the decree of the orphans
court of the county of Middlesex granting letters testamentary.

*Mr. John A. Coan* and *Mr. George S. Silzer,* for the appellant.

*Mr. Theodore Strong,* for Sarah A. Breece, respondent.

*Mr. Charles T. Cowenhoven,* for Catherine Decker and Mar-
garet Martin, respondents.

BERGEN, VICE-ORDINARY.

By the decree of the orphans court of the county of Middlesex,
bearing date the 25th day of July, 1905, a paper-writing, alleged
to be the last will and testament of Philip Acker, deceased, was
admitted to probate, and in the same decree letters testamentary

were refused to the appellant, although nominated in such last will and testament to be the executor thereof, and letters of administration with the will annexed were directed to be issued by the surrogate of the county of Middlesex to a stranger, against the protest of the appellant, who had offered the will for probate and was present in court offering to qualify as executor when the decree was made. From so much of this decree as denied to the appellant the right to qualify as executor, and orders the appointment of a stranger in his place and stead to administer the estate, this appeal is taken.

The record brought up, as certified by the clerk of the orphans court, has annexed to it twelve printed pages containing the argument and discussion of counsel prior to the examination of the witnesses. It is proper that such a practice should be condemned. It forms no part of the record, and in no way aids the court or affects the merits of the case. So much of this record as it is proper the court should consider shows that a caveat was filed against the probate of this will; that the will was not probated by the executor until about one year after the death of the testator; that as the result of litigation during that period between the legatees and this executor with regard to the property of the testator a decree was made by the court of chancery adjudging that a certain deed made by the testator to the executor should be set aside as a deed, but be allowed to stand as a mortgage to secure an indebtedness which that court adjudged to be due to the executor from the testator. The will was then offered for probate by the executor, upon an application made by him, verified in due form, and citations were thereupon issued to all persons interested. The application was made on the 5th day of May, 1905, and the hearing of the controversy continued, by order of the orphans court, from time to time, until the 25th day of July next following, when the decree complained of was made. There is no evidence showing how the caveat was disposed of, but as all presumptions should be in favor of the regularity of the decree, and no appeal being taken from the order for probate, it must be assumed that the court was satisfied by due proof that the paper admitted to probate was the last will

and testament of the testator executed and published in due form.

The only witness sworn on the question of administration was Sarah A. Breece, one of the daughters of the testator, who testified that the executor named in the will resided in Brooklyn, New York, and that he had the possession of the property of the testator. She also testified that one of her sisters was feeble-minded, and not a fit person to whom the administration should be committed. There is not a particle of testimony to show that the executor named in the will and the appellant here had changed in condition, financially or mentally, from the time he had been selected by the testator to act as the executor of his last will and testament, or had committed any act which would, in law, disqualify him from serving in that capacity. The fact that he is a non-resident is not sufficient, and the security which the statute requires from a non-resident executor was expressly waived by the testator in his last will. There is nothing in this record, beyond one point, to which I shall hereafter refer, which presents the slightest justifiable reason for refusing to this appellant the performance of the duties which this testator committed to him.

On the argument it was alleged, in support of this decree, that because of the litigation referred to, the appellant had unfairly sought to secure the whole estate, and being defeated in the attempt, occupied a position so antagonistic to the rights of the legatees that he would not fairly administer the estate. While the only proof presented was a copy of the final decree, and in the absence of the record of the cause to which the decree related has no evidential force, we may assume that such antagonism existed, and yet find that it worked no disqualification.

*In the matter of the application of John S. Maxwell, 3 N. J. Eq. (2 Gr.) 611,* the executors named in the will of John Maxwell, deceased, were John S. Maxwell and William H. Sloan. A caveat was filed by several persons, John S. Maxwell being one of them. Upon appeal to the prerogative court, the paper-writing against which Maxwell had filed a caveat was admitted to probate, and thereafter he claimed to be admitted as executor

with Sloan. It was objected to because it was claimed he had disqualified himself by joining in the caveat. The ordinary, in a well-considered opinion, determined "that where a will is admitted to probate, an executor named therein, if capable in law, is not to be excluded, unless he has by some act of his own deprived himself of the executorship." He held that such an act did not amount to a renunciation, and that until it was shown that there was a will it did not appear that there was an executorship to renounce, and said: "It seems to me not difficult to reconcile the denial of the existence of a will with a willingness to serve as executor if a will exists and is established." The case just cited, so far as I have been able to discover, has never been questioned by the courts of this state.

The point most seriously relied upon by the respondents in support of this decree arises under the proper construction of section 27 of our Orphans Court act (*P. L. 1898 p. 715*), which enacts, among other things, that if the executor named in any testament neglects, for the space of forty days after the death of the testator, to prove such testament, then administration with the will annexed shall be granted to the next of kin, if they will accept it, and if not, then to such other person as will. The respondents claim that as this executor neglected for more than forty days after the death of the testator to prove the will, he forfeited his right. If this contention was correct it would not support this decree, because it does not appear that the notice required by rule 2 of the orphans court has been given to the persons in interest. But aside from the question of notice, the statute in question has no application to the matter under review, for, in my judgment, it can only be called upon to aid a party who shall institute proceedings under it prior to the application of the executor. The act, if read literally, requires the executor to "prove" the will within forty days. That he could not do in this case, because of the interposition of a caveat. The object of the law is to provide for a prompt administration of the estate of deceased persons, and when, as in this case, neither creditor, legatee nor next of kin made any move until after the executor had filed in due form his petition for probate, the reason for

committing administration to another, that is, promptness in the settlement of the estate, disappears, for after the executor has instituted proceedings for probate, the presumption is that he will proceed with all necessary promptness to carry out the wishes of the testator. The next of kin and legatees, having neglected to promptly avail themselves of the alleged neglect, and waited until this executor was endeavoring in due form to probate his testator's will, have waived any right they might have had to administration. In my judgment, so much of this decree as refuses to the appellant the right to such letters testamentary as naturally followed the probate of the will is erroneous, and should be reversed in order that the administration may be committed to him according to law.