(63 South. 409.)

No. 20,221.

Succession of SERRES.

In re HALL.

(Oct. 20, 1913. Rehearing Denied Nov. 17, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 3*)—QUALIFICATION OF EXECUTOR—RECOGNITION OF HEIRSHIP.

An order recognizing the heirship of a legal heir, and sending her into possession, would not prevent the executor from qualifying, since, after qualifying, he could demand possession of the legal heir for the purpose of executing the will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1, 3–14½, 1782; Dec. Dig. § 3.*]

2. DESCENT AND DISTRIBUTION (§ 71*)—RECOGNITION OF HEIRSHIP.

Since the enactment of the Inheritance Tax Law of 1906 (Acts 1906, No. 109) § 17, prohibiting delivery of the property of a succession to the legal heir until the heir is recognized as such by the court, an order of recognition of heirship is not merely formal, and the court should now use more caution in issuing it.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

3. DESCENT AND DISTRIBUTION (§ 71*)—RECOGNITION OF HEIRSHIP.

Under Civ. Code, art. 1630, requiring the delivery of legacies under a particular title to be demanded of a testamentary executor who

has seisin of the succession, the recognition of one as a testamentary heir, made on an application by another heir for recognition of heirship, and to be sent into possession, was ineffectual as to the heir not applying for recognition.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

4. WILLS (§ 5*)—RIGHT TO CONVEY.

An owner has the right to give to whomsoever he will that part of his property not reserved by law to his forced heirs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 4, 14; Dec. Dig. § 5.*]

5. EXECUTORS AND ADMINISTRATORS (§ 14*)—RIGHT TO NAME EXECUTOR.

A testator has the right to name in his will the person who shall have charge of his estate for the purpose of paying his debts and delivering his legacies.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 29–31, 42; Dec. Dig. § 14.*]

6. DESCENT AND DISTRIBUTION (§ 78*)—TITLE OF HEIRS.

Legal heirs are vested with the possession of the succession by operation of law.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 263–275; Dec. Dig. § 78.*]

7. MANDAMUS (§ 60*)—RIGHT TO WRIT—ADEQUACY OF LEGAL REMEDY.

Since an appeal by the person named as executor from an order recognizing heirship would be inadequate to compel the civil district court to cause letters of executorship to issue, and try the opposition to the qualification of the executor, the supervisory writs, such as mandamus, etc., will issue for that purpose.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 70, 71; Dec. Dig. § 60.*]

In the matter of John B. Hall, testamentary executor for the writs of certiorari, mandamus, and prohibition, to compel the issuance of letters of executorship in the Succession of Jean Serres. Rule nisi recalled, except that alternative writ of mandamus is made peremptory as stated.

Chas. I. Denechaud and Dufour & Dufour, all of New Orleans, for relator. C. C. Friedrichs and H. A. Moise, for forced heir. Edward M. Heath, of New Orleans, for surviving spouse.

PROVOSTY, J. This case is an application to this court by John B. Hall, testamentary executor under the will of Jean Serres, deceased, for the writs of certiorari, mandamus, and prohibition, to compel judge E. K. Skinner, acting in place of Judge T. C. W. Ellis, of the civil district court, parish of Orleans, absent on leave, to cause letters of executorship to be issued to him.

The proceedings in the lower court were as follows:

On August 25, 1913, Mrs. Marie Serres Bordes, the daughter and sole legal heir of Jean Serres, who had died two days previously, filed a petition in court alleging that the succession of the decedent owed debts, and that an administration was necessary. She did not mention the nature or amount of the debts. The petition was sworn to by her. She prayed that an inventory be ordered to be made, and that she be appointed administratrix. On this petition the judge ordered that a commission issue to Frederick Deibel, notary, to make an inventory, and that legal notice of the application for administration be published. On the next day, August 26th, the commission issued to the notary, and the notary made the inventory, though he did not file his procès-verbal of it until later.

On the same day, August 26th, John B. Hall, the relator herein, appeared in the succession proceedings by a petition, to which was annexed the will of the decedent, appointing him executor, with seisin, and without bond. He prayed that the will be registered and executed, and that an inventory of the estate be made, and that he be confirmed as executor, and that letters of executorship issue to him upon his taking oath. On the same day the judge made an order in exact conformity with this prayer. On the same day, August 26th, a commission issued to Anthony J. Rossi, notary public, to make the inventory. Two days thereafter, on August 28th, the executor filed his oath of office.

The next day, August 29th, Mrs. Marie Serres Bordes, the applicant for an administration, filed a petition, in which she alleged that she was the sole legal heir of her father, the decedent; that she desired to accept his succession purely, simply, and unconditionally; "that she assumed all debts, and would pay the same or give bond for the payment of the same as the law directs;" and that, since filing her petition for an administration, she had discovered that she was in error in representing that there were debts, as there were none, except for funeral expenses; that the qualifying of an executor for administering the succession was unnecessary, and would be inoperative; and that she therefore opposed same.

Seven days later, on September 3d, Frederick Deibel, notary, filed the procès-verbal of the inventory which he had made on August 26th. The filing recites that it is "nunc pro tunc of August 28, 1913."

The foregoing proceedings were before Judge Skinner, acting in place of Judge Ellis, absent on leave. The next day, September 4th, Mrs. Marie Serres Bordes presented a petition to Judge T. C. W. Ellis, in which she alleged that, since the filing of her application for administration, she had ascertained that the succession owed no debts except a few small ones aggregating less than one-seventh of what the commission of an executor would be; that she was willing and ready to pay these debts at once, or else, if so required, furnish bond according to law, and that therefore the qualifying of an executor was unnecessary; that she was the sole legal heir of her father, and was his forced heir for one-third of his estate; that by his testament he gave one-half of the remaining two-thirds of his estate to her, and

one-half to Mrs. Catherine Dautch Bordes; that she desired to accept purely, simply, and unconditionally the succession of her father; and that she recognized Mrs. Catherine Dautch Bordes to be an instituted heir to one-third, in accordance with the will. She prayed that her legal heirship for one-third, and her testamentary heirship for one-third, and the testamentary heirship of Mrs. Catherine Dautch Bordes for the remaining third be recognized, and that they be put in possession of the estate. On the same day Judge Ellis made an order recognizing the legal and testamentary heirship of Mrs. Marie Serres Bordes, and sending her into possession of her said inheritance, and recognizing Mrs. Catherine Dautch Bordes as being entitled to the remaining one-third of the estate.

Anthony J. Rossi, notary, appointed on the application of John B. Hall, made his inventory on August 28th, and filed the procès-verbal of it on September 9th.

On the same day, September 9th, John B. Hall filed a petition asking that this inventory be approved and homologated, and on the same day he filed his oath of office as executor. And then came his present application to this court.

He alleges: That Judge Skinner, because of the said order rendered by Judge Ellis, has refused to approve and homologate the inventory made by Anthony J. Rossi, and has also refused to order letters of executorship to issue to him, and that an order should issue to Judge Skinner to do both, and to disregard the said order of Judge Ellis. That said order of Judge Ellis is null, for the reasons, first, that when he made it he was in the parish of Tangipahoa, out of his jurisdiction; second, that it was made ex parte, without notice either to him or to Mrs. Catherine Dautch Bordes; third, that it sends the legal heir into possession of one-third of the estate, and leaves the other two-thirds undisposed of and under the administration and control of the executor, thereby destroying the unity of the succession; fourth, that it deprives the executor of the seisin to which he is entitled; fifth, that it makes no provision for the payment of the debts of the succession, nor for the payment of the commission of the executor and the fees of his attorney, Charles I. Denechaud, who an express provision of the will requires should be employed to settle the succession; and, last, that it was made while the opposition filed by Mrs. Bordes, involving the same questions, was still pending and undisposed of.

To the rule nisi to show cause why the relief thus asked for should not be granted, Judge Skinner answers, first, that the remedy of the relator, if he have good ground to complain of this order of Judge Ellis, is by appeal, and not by invocation of the supervisory powers of this court; secondly, that the validity of this order of Judge Ellis cannot be questioned collaterally; thirdly, that, the debts having all been paid, and the heirs sent into possession, there is no succession to be administered, and therefore the qualifying of an executor would be vain and useless; fourthly, that the question as to which one of the two inventories should be approved is one within his discretion as judge, and, as such, not controllable by mandamus; fifthly, that so long as the opposition filed by Mrs. Bordes shall not have been disposed of it will not be possible for him to order the letters of executorship to be issued; sixthly, that the executor has his recourse against the heirs by ordinary suit for any commissions he may be entitled to; seventhly, that prior to the filing of the oath of office of the executor Mrs. Marie Serres Bordes had instituted a partition suit against Mrs. Catherine Dautch Bordes, and that to this partition suit Mrs. Barbara Cook Serres,

the surviving widow of the decedent, was made a party—

"the purpose of such partition suit being to determine the respective proportion of each heir as well as the community."

Judge Skinner incidentally explains that he refused to sign the order which Judge Ellis signed, and that his reason was that the order as first presented to him did not recognize the claim or rights of the surviving widow of the decedent, and that, although he knew that such an ex parte order could not affect the rights of third persons, yet he feared it might have the effect of producing confusion and complication, but that the application to Judge Ellis was made with his sanction, and that—

"Judge Ellis took notice of the suggestion of your respondent in that a new judgment was rendered and signed with such a change that the rights of Barbara Cook, the named second wife in the will, would be fully conserved and protected."

The order which Judge Skinner refused to sign is not in the record; but the order signed by Judge Ellis is simply to the effect hereinabove stated. It makes no allusion to Mrs. Barbara Cook, the second wife.

[1, 2] Our learned Brother has given to Judge Ellis's order an operation far beyond its scope. The recognition of the heirship of Mrs. Marie Bordes and sending her into possession is no obstacle to the qualifying of an executor. Mrs. Bordes, as legal heir, is entitled to possession until an executor is qualified. Judge Ellis's order can have no greater effect than securing her this right. After the executor is qualified, he can demand of the legal heir possession of the estate for the purpose of executing the will. Prior to the enactment of Act 109, p. 173, of 1906 (the Inheritance Tax Law), such an order would have been a mere form, in no wise changing the legal situation; but now, under section 17 of that statute, the detainers of the property of a succession are not allowed to make delivery to the legal heir without the heir having been recognized as such by the court, and hence such an order is no longer a mere form. It has some legal effect, and it would be well that judges be more cautious in the granting of them than has been customary heretofore.

[3] Judge Ellis's order does not send Mrs. Catherine Bordes into possession of her legacy of one-third of the estate.

"The delivery of legacies under a particular title must be demanded of the testamentary executor who has seizin of the succession"

—says article 1630 of the Code, and Judge Ellis would have been entirely without authority to make any other disposition, and he has not, as a matter of fact, done so. His recognition of Mrs. Catherine Dautch Bordes as a testamentary heir is a mere expression of opinion as to what she is entitled to, and, rendered ex parte as it was, it is, of course, mere brutum fulmen.

In his return, the learned respondent judge, while making the point that the only relief to which the executor can be entitled on the present application is to have the opposition ordered to be tried, makes the further point that the qualifying of an executor is not called for under the circumstances of this case.

Thereby he practically passes on, and sustains, the opposition filed by Mrs. Marie Serres Bordes. Now, inasmuch as our views do not accord with his touching the necessity of qualifying the relator as executor, we deem it expedient to add a word in that regard in order that unnecessary and injurious delays may be avoided, although by doing so we express an opinion upon the merits of the opposition.

[4, 5] As incidents to his ownership, an owner has under our law the right to give by his last will to whomsoever he pleases all that part of his property not reserved by law to his forced heirs, and to name the person who after his death shall have charge

of his estate for the purposes of paying his debts and delivering his legacies. His testament on those points is the law of the case.

[6] True, if there are no debts to be paid, and no legacies to be delivered, the qualifying of an executor, though there is a will appointing one, is unnecessary, as there would be nothing for him to do. And perhaps the qualifying of an executor is equally unnecessary where the legal heirs themselves are the legatees, since they are vested by operation of law with the possession of the succession. Succession of Walker, 32 La. Ann. 321. But that is not the situation in the present case. In the present case there are debts, small though they may be in comparison with the amount of the estate, and there seems to be a community of acquêts and gains to be settled, and there is at least one legacy to be delivered.

The suggestions that Mrs. Marie Serres Bordes may pay the debts, and that the executor and his lawyer may have recourse to an ordinary suit against the heir for their commission and fees, and that the community of acquêts and gains may be settled as an incident to partition proceedings, are not to the purpose. The law has provided a different mode of proceeding.

[7] An appeal would be entirely inadequate to afford proper relief in this case; hence the case is a proper one for the exercise of the supervisory powers of this court.

It is therefore ordered, adjudged, and decreed that the rule nisi herein be recalled, except as to the alternative writ of mandamus, which is hereby made peremptory to the extent of ordering the respondent judge, Hon. E. K. Skinner, to proceed to cause to be fixed for trial and to try and dispose of the opposition to the qualifying of the executor herein.

BREAUX, C. J. I concur in the decree.