THE PEOPLE'S TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of OSCAR F. HAWLEY, Deceased, Respondent, *v.* HENRY N. DOOLITTLE and Others, Appellants, Impleaded with OSCAR F. HAWLEY, JR., if Living, and Others, Respondents.

Second Department, June 8, 1917.

Mortgage — deduction of amount of mortgage from purchase price paid by grantee — assignment of bond to executors to secure payment of debt to estate — when mortgagee not entitled to cancellation of mortgage — promise to pay debt of another founded upon valuable consideration — when mortgagee takes subject to such promise.

Where a remainderman entitled to lands under a will mortgaged his remainder to the executors to secure a bond held by them and as to which for a valuable consideration the remainderman had agreed to indemnify and hold harmless the obligor on the bond, a purchaser of the mortgaged premises who paid to his grantor, the remainderman, only the difference between the purchase price and the amount of the mortgage and who took subject to the mortgage, is not entitled to have the instrument canceled or to a decree requiring the executors to collect a sum due to the estate from the mortgagor by means of his personal note given to them, rather than by enforcing the bond secured by the mortgage, which bond the executors held by an assignment.

Such a decree would enable the mortgagee and his assigns to acquire the lands for less than the purchase price, as the amount of the mortgage debt had been deducted.

The mortgagee has no standing to contend that there was no privity between the mortgagor and the obligor of the bond or the executors, for a person for a valuable consideration may agree to pay the debt of another and to secure such payment may mortgage his lands.

APPEAL by the defendants, Henry N. Doolittle and others, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Kings on the 1st day of June, 1916, upon the decision of the court after a trial at the Kings County Special Term.

*Charles Thaddeus Terry* [*Edward Ward McMahon* with him on the brief], for the appellants.

*Conrad Saxe Keyes* [*George W. Wingate* and *T. Ellett Hodgskin* with him on the brief], for the respondents.

THOMAS, J.:

In January, 1888, in consideration of $6,592.41, there was conveyed to Henry N. Doolittle premises known as 40 and 42 Gold street in the city of New York, " Subject to the trusts contained in the Will of Oscar F. Hawley, Senior, and Subject also to a mortgage now on said premises, given to secure the payment of Fourteen thousand dollars and interest." The purchase price was " reduced by just the amount of the mortgage," and all the grantee bought was " the remainder of Oscar F. Hawley, Jr., * * * whatever it was." Through a mesne conveyance the property was quitclaimed to Josephine L. Doolittle, who died in 1915, whereupon her heirs at law conveyed to Henry L. Doolittle, their father. In this action Doolittle would have the mortgage canceled, and all the interest paid by him and his wife on the mortgage, some $20,000, repaid. If Doolittle's contention prevail, he would get the property for $6,592.41, although, as he testified, $14,000 was deducted from the purchase price. On that theory he would get the land for $1, had he bought for that consideration subject to the mortgage. Indeed, if he prevail, instead of buying the remainder of the Hawley interest, as he testified that he did, he would get the whole of it, and instead of an equity of redemption he would have the whole estate, and instead of subjecting the fee to the $14,000, as the deed provided pursuant to the agreement of sale, he would get the land free from the incumbrance. It is worth while to consider by what skill in technicalities he seeks to rid the land of its burden and to aggrandize his purchase. The result seems to make the appellant's proposal impossible. The land subject

Second Department, June, 1917.    [Vol. 178.

to a trust for a life belonged to Oscar F. Hawley, Jr., by devise from his father, Oscar F. Hawley, Sr., who died in 1879. In September, 1885, Oscar F. Hawley, Jr., executed the mortgage in question upon his interest to the executors of his father's will. The consideration named is $14,000, but the real purpose is described in the condition, which is: " this grant being intended as security for the payment of the said sum of money and interest mentioned in the condition of a certain bond or obligation, dated the Eighth day of September, 1879, executed and delivered by Russell Johnson to Edwin C. Hawley and by said Hawley assigned to the parties of the second part hereto on the 19th day of September, 1879, which by an agreement in writing dated the 23rd day of March, 1880, between the party of the first part hereto and the said Russell Johnson, the said party of the first part, for a valuable consideration assumed and agreed to pay and further agreed to indemnify and save harmless the said Johnson against any claim, liability or demand on account of said bond." The whole history is very simple. Edwin C. Hawley owned Johnson's bond for $14,000 and assigned it to the executors. For a valuable consideration, Oscar in writing agreed with Johnson to pay the bond, and, pursuant to that agreement, Oscar gave the mortgage, and as Edwin had assigned the bond to the executors, Oscar's mortgage ran to the executors. And now comes the owner of the equity of redemption and says that the mortgage shall not be paid to anybody, because there was no consideration for it, although Oscar, who made it, stated that he, for a valuable consideration not here disputed, had promised to pay Johnson's bond, and to make good that promise was giving the mortgage, and, as the mortgage indicates, it was made to the executors because the bond had been assigned to them. It was Oscar's duty to pay the bond where he found it, and he pledged his property to do it. The object of the mortgage is to assure the payment of the bond, and it was and is the executors' duty to collect the money secured by the mortgage. The money so collected is applicable to the payment of the bond, which the executors hold. Why do they hold it? Edwin C. Hawley owed his father, and the will directed that the debt should be paid out of a devise to Edwin. Edwin gave the executors his

note for a balance of $30,000 due. on his indebtedness, and assigned the Johnson bond to secure the payment. So the executors had two funds: (a) Edwin's share in the estate; (b) the Johnson bond for $14,000, which Oscar had agreed to pay and which it was his duty, both moral and legal, to pay, and in fulfillment of which he put a mortgage lien on his land and delivered it to the assignees of the bond. But the appellant would have a decision that the executors should collect Edwin's note out of his share, and as that is plenty, let the Johnson bond go uncollected and cancel the mortgage and so let the Johnson bond go unsecured. But Oscar wanted to pay the bond as he had agreed. He appropriated his property for the purpose, and the executors were empowered to sell Oscar's land to effect the purpose. The executors hold the mortgage in trust for the payment of the Johnson debt. The will gave them one security. Some judgment is mentioned directing the payment of Edwin's debt out of his share. But that did not deal with the bond, nor did it prevent a strengthening of the testamentary fund. But if the executors accept collateral to Edwin's bond, they must remember that, subject to its appointed use by them, it belongs to Edwin, and when Oscar delivered his mortgage to make surer the bond, and they accepted it, it was their right and duty to collect it or to turn it back to Edwin, or, as he has died, to his estate. The appellant urges that there is no privity between Oscar and Edwin or the executors. I assume that, if a man for a valuable consideration agrees to pay another's debt, he is privileged to deposit his property with the man that owns the debt, and empower him to sell the property to do it, or he may put a mortgage on his land and authorize the owner of the debt to sell it by process of law. I cannot conceive of a surer way of establishing privity and clinching it. The appellant argues as if the mortgage was made to secure Edwin's indebtedness. That is an error that misleads. The mortgage is to secure the Johnson bond, and runs to those who have the title to it. That title is conditional, as the executors hold the bond as security for Edwin's debt, but with that debt paid, the bond or its avails, so far as unused, with the collateral, belongs to Edwin or his successors. What disposition the executors or their suc-

cessors make of money cannot interest Doolittle. Whether Edwin's debt be paid from his share in his father's estate, or so far as it will go from the Johnson bond or its collateral, is a question between the trustees and the Edwin Hawley family. Who, indeed, is the appellant that he should say there is no consideration, no privity; that the Johnson bond should go unsecured; that Edwin's debt should be paid out of his share, the mortgage canceled and the interest paid returned? Oscar F. Hawley, Jr., made and executed the mortgage, and transferred all his property to Henry Patton to pay his debts. So Patton, with such rights as the sweeping assignment gave, takes all Edwin had before Doolittle was known. Then Patton quitclaimed to McGraw in consideration of $6,000, but subject to the mortgage. Then McGraw conveyed to Doolittle, who got an equity of redemption — the fee incumbered for $14,000 — the interest of Oscar with so much subtracted, and Doolittle agreed by accepting the deed that it should be subtracted. He himself subtracted it from the purchase price. There has been transferred to him no chose in action, no cause of action that Oscar or his assignee had. Oscar wished to be honorable to Johnson and took a way to do it. Doolittle would make Oscar dishonorable to Johnson, and would undo what he did. He has no transfer of a right to do that, but rather expressly ratified what had been done. It is an error to assert that Doolittle stands in Oscar's relation to the mortgage. He does only in that he confirmed the transaction and shut himself off from questioning it. No one is suing anybody on Oscar's promise to Johnson. *Lawrence v. Fox* (20 N. Y. 268) has received elaborate and useful presentation. Happily this case requires none of it. Oscar himself executed his promise. It is something settled, and Doolittle said that he would buy on the basis of the thing done. He did so, and his deed binds him to it.

The judgment should be affirmed, with costs.

JENKS, P. J., STAPLETON, RICH and BLACKMAR, JJ., concurred.

Judgment affirmed, with costs.