NOVEMBER TERM, 1922. 537

Farmers', etc., Trust Co. v. Security Trust Co.—79 Ind. App. 537.

FARMERS' LOAN AND TRUST COMPANY OF COLUMBIA CITY v. SECURITY TRUST COMPANY OF INDIANAPOLIS.

[No. 11,580. Filed February 15, 1923. Rehearing denied April 13, 1923.]

1. EXECUTORS AND ADMINISTRATORS.—*Executor Named in Will.* —*Power of Court to Refuse Letters Testamentary.*—*Statutes.*— Under §2737 Burns 1914, §2222 R. S. 1881, it is the mandatory duty of the clerk of the court to issue letters testamentary to an executor named in a will, without any authority from the court to do so, unless the party named is subject to some of the disqualifications prescribed by such section. p. 541.

2. EXECUTORS AND ADMINISTRATORS.— *Executors.*— *Qualifications.*—*Residence in County other than County of Testator's Residence.*—*Statutes.*—Although §§2742, 2743 Burns 1914, Acts 1901 p. 281, §2228 R. S. 1881, provides that administrators must be appointed in the county in which the intestate was an inhabitant, and §2756 Burns 1914, §2240 R. S. 1881, provides for the appointment of an administrator with the will annexed in the event that the executor removes from the state, the fact that a trust company named in a will as executor had its place of business in a county distant from wherein testator resided is not ground for refusing letters to such trust company and appointing an administrator with the will annexed. p. 544.

3. EXECUTORS AND ADMINISTRATORS.—*Officers of Trust Company Acting as Subscribing Witnesses to Will.*—*Right of Trust Company to Serve as Executor.*—A subscribing witness to a will has no interest in the estate, and is not therefore disqualified to act as executor; nor is a trust company named in a will as executor disqualified to act as such because some of its officers and stockholders acted as subscribing witnesses to the will. p. 545.

From Marion Probate Court (19,823) ; *Mahlon E. Bash,* Judge.

Action by the Farmers' Loan and Trust Company of Columbia City against the Security Trust Company of Indianapolis. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Gates & Gates* and *Fitzpatrick & Fitzpatrick,* for appellant.

*Frank Kimmel* and *D. A. Myers,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee to set aside and vacate the order of the court in appointing appellee as administrator with the will annexed of the estate of Mary E. Eicholtz, deceased, and in refusing to appoint appellant as executor, it being named as such in the will.

The errors assigned are that the court erred in stating its conclusions of law.

It appears by the special finding of facts that Mary E. Eicholtz died testate February 3, 1922, a resident of Marion county, Indiana, where she had resided with her husband continuously for twenty years prior to her death. That her last will and testament was duly probated in the probate court of Marion county, Indiana, February 13, 1922, upon the evidence of H. A. Beeson, one of the subscribing witnesses.

Items 1 to 18, inclusive, dispose of the estate to the respective legatees named in such items. By item 19 the testatrix, after declaring that her permanent residence was at the time in Columbia City, Indiana, and that a large portion of her estate was situated in Whitley county, directed that her will should be probated in that county, that letters executory should issue from the circuit court therein, and that the Farmers' Loan and Trust Company of Columbia City, Indiana, appellant herein, be appointed as executor.

By item 20 the testatrix named appellant as executor of her said last will and testament, and by item 21 appointed Benton E. Gates, attorney for the settlement of her estate. George W. Eicholtz, widower of said testatrix, and other devisees and legatees under said will, waived their rights to appointment to administer the

estate, and requested the appointment of appellee trust company as administrator with the will annexed.

Said H. A. Beeson was present and gave testimony to carry the will to probate, but stated that he was appearing only in his individual capacity as a subscribing witness, and not as a representative of appellant. At the time he was an officer holding the office of secretary and a director of appellant company, and was such officer at the time that he witnessed the will. Benton E. Gates was at all times here involved the president and largest stockholder of appellant trust company which company was duly incorporated and by the laws of the state qualified to act as executor or administrator of estates, and appellee trust company was also duly qualified so to act. On said February 13, 1922, at the time of the probate of such will, the probate court heard evidence and statements touching the propriety of appointing appellant trust company as executor, and after taking the matter under advisement, on February 16, 1922, appointed appellee trust company as administrator with the will annexed. Appellant trust company never at any time filed, offered to file or authorized the making or filing of its renunciation in writing of its right to be appointed as such executor, or its right to file application in said court for such appointment. No summons or notice to appellant company was given at said hearing, nor of the appointment, and said appellant company was not represented or heard as to its qualifications to serve as such executor at any time prior to the appointment of appellee trust company, and it had no information except such as its secretary and director H. A. Beeson obtained individually when present in the capacity of a witness to prove the execution of the will. On February 23, 1922, appellant trust company authorized its president to ascertain the facts and take such steps as

might be necessary to procure its appointment as such executor. On February 24, 1922, appellant company filed in said probate court its petition for the revocation of said letters of administration with the will annexed issued to appellee trust company and its application for its appointment as executor of said will, and at said time tendered and filed its qualification as such executor, and its petition, application and qualification ever since and now are a part of the records of the estate. At the time of the execution of said will, the testatrix was the owner in her own right in Whitley county, Indiana, of a 440 acre farm, and of forty acres and twenty acres immediately adjoining the city of Columbia City, and of two business rooms on one of the principal corners of said city, and numerous residences therein. At the time of the execution of her said will she had a safety box with her name thereon in the possession of appellant company, containing money, notes and other papers belonging to her, and at that time and until her death she owned ten shares of stock in such company. Clinton Wilcox, the other subscribing witness to the will was also a stockholder and officer in said appellant trust company. Ill feeling and hatred existed at the time between the said George Eicholtz, widower of testatrix and said Benton E. Gates the president of appellant trust company which arose after the execution of the will, and the appointment therein of appellant company as executor, which ill feeling is such as to make them enemies; the devisees and legatees under the will side with the widower in his hostility toward said Gates.

On these findings of fact the court stated its conclusions of law that the letters of administration with the will annexed of appellee trust company should not be revoked, and that the application of appellant trust company for letters testamentary should be denied, upon which conclusions judgment was rendered in favor of

appellee, from which judgment appellant prosecutes this appeal.

The substantial question in this case, as appears from the foregoing, is whether or not it is the duty of a probate court that under such circumstances has made an appointment of an administrator with the will annexed, there being no renunciation of the trust by the executor named, to set aside such appointment upon the petition of the executor named in the will so to do, such petition being filed, and application made within twenty days after the probate of the will of the deceased. In this case it is unquestioned that appellant's petition and application was filed in time, under the statute.

Section 2737 Burns 1914, §2222 R. S. 1881, provides as follows: "Whenever any will shall have been admitted to probate, the clerk of the circuit court in which the same shall have been probated shall issue letters testamentary thereon to the person or persons therein named as executors who are competent by law to serve as such, and who shall appear and qualify. No person shall be deemed competent to serve as an executor who at the time of application for letters shall, upon proof made before such court or clerk, be shown to be, first, Under the age of twenty-one years. Second, To have been convicted of a felony. Third, Who shall be adjudged by said court or clerk incompetent to discharge the duties of an executor by reason of improvidence, habitual drunkenness, or other incapacity."

That the appointment of the party named in the will is mandatory, is evidenced from the fact that the statute makes it the duty of the clerk of the court to issue letters testamentary, without any authority from the court so to do. It will be observed that the statute is specific in its exclusion of those who have no right of appointment. However, it is expressly found that each

of the parties litigant was at the time qualified and has ever since so continued.

No Indiana authority directly in point is cited, either by appellant or appellee, nor do we find any, though in *Hayes* v. *Hayes* (1881), 75 Ind. 395, where there had been a reversal on appeal of a judgment holding a will invalid (see *Hayes* v. *Burkam* (1879), 67 Ind. 359) the court says: "By appointing a general administrator, the court did not strip itself of the power to install the rightful executor in office should a judgment of reversal result in a final adjudication declaring the will to be a valid and effective one. The right to put the executor in office, upon proper demand, is as complete against the general as against the special administrator in such cases as the present." The question in that case, however, involved the construction of §7 of the Act for the Settlement of Decedent's Estates, R. S. 1876 p. 485, which was substantially the same as §2742 Burns 1914, Acts 1901 p. 281, and the court held that the act was mandatory, and not merely directory. Construing the same provision the court in *Cooper* v. *Cooper* (1919), 43 Ind. App. 620, 88 N. E. 342, says: "The court has a wide discretion in reference to the appointment of administrators of the estates of deceased persons, and all other matters pertaining to the administration of such estates, but not so wide as to override the statutory rights of those entitled to administer, when timely application for letters are made by such person."

Again, this court in construing the same provision under §2742 Burns 1914, *supra,* holds it to be mandatory, and not merely directory. This provision of the statute as to the appointment of an administrator, is not more mandatory in its expression than §2737 Burns 1914, *supra.* This principle, however, though made a part of the statutory law of this state, and of many

other states, is also a principle of the common law. 3 Alexander, Wills 1844, says: "One who is nominated in the will as the executor thereof, if he be competent to act as such, cannot be deprived of the rights to administer the estate of the testator except he renounce his right or refuse to appear when cited to prove the will." To sustain this text, *Appeal of Smith* (1892), 61 Conn. 420, 24 Atl. 273, 16 L. R. A. 538, is cited, where the court, after stating the common law principle, says: "It is also, we think, quite clear upon principle and authority that where a testator appoints an executor out of the class recognized, either by the common law or by statute, as capable of accepting and performing the duties of such a trust, the court invested with authority to admit the will to probate cannot reject the person so appointed, or refuse to approve of the appointment, except in cases where the law has specially so provided."

Other authorities sustaining the same principle are: *Farmers Loan & Trust Co.* v. *Smith* (1902), 74 Conn. 625, 51 Atl. 609; *Clark* v. *Patterson* (1904), 114 Ill. App. 312, affirmed 214 Ill. 533, 73 N. E. 806, 105 Am. St. 127; *Breen* v. *Kehoe* (1905), 142 Mich. 58, 105 N. W. 28, 1 L. R. A. (N. S.) 349, 113 Am. St. 558; *In re Acker's Will* (1905), 70 N. J. Eq. 669, 62 Atl. 556; *Rice* v. *Tilton* (1905), 13 Wyo. 420, 80 Pac. 828; *Kidd* v. *Bates* (1897), 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 Am. St. 17; *Hammond* v. *Wood* (1887), 15 R. I. 566, 10 Atl. 623; *Cutler, Gdn.* v. *Howard, Exr.* (1859), 9 Wis. 282; *Succession of Serres* (1913), 133 La. 929, 63 So. 409; *Decker* v. *Fahrenholtz* (1908), 107 Md. 515, 68 Atl. 1048; *In re Miller's Estate* (1906), 216 Pa. 247, 65 Atl. 681; *In re Guye's* (1909), 54 Wash. 264, 103 Pac. 25, 132 Am. St. 1111; *In re Haag's Will* (1917), 99 Misc. Rep. 164, 165 N. Y. Supp. 401, order affirmed in 178 App. Div. 805, 164 N. Y. Supr. 1064; *Bocquin* v.

*Theurer* (1918), 133 Ark. 448, 202 S. W. 845; *In re Rath's Estate* (1919), 107 Misc. Rep. 598, 176 N. Y. Supp. 887. .

The holding of the court in *Succession of Serres, supra,* that the determination of the necessity of an executor rests with the testator, and not with his heirs and legatees or the court; and his motive in making such an appointment is not open to inquiry, is especially applicable to the circumstances of this case.

Appellee has cited note 18, 23 C. J. 1019, to sustain its contention. That note after stating that on the authority of *In re Guye, supra,* the power to name an executor to administer an estate is coextensive, with the power to devise or bequeath the estate itself, and on authority of *In re Avery's Estate* (1904), 44 Misc. Rep. 529, 92 N. Y. Supp. 974, that the right to appoint is restricted and regulated by statute, as is the action of the court in issuing letters conferring authority upon the person so appointed to act, says that a request by the family of the testator that the executor renounce, in order that administration with the will annexed may be issued in accordance with their wishes, is unreasonable and inconsistent with proper respect for the memory of the deceased, and is properly refused, citing *In re McManus's Estate* (1905), 212 Pa. 267, 61 Atl. 892. There is nothing presented by the note of which appellant needs to complain, and nothing with which we are not in harmony. The fact that the place of business of appellant was Columbia City, about 125 miles from Indianapolis, is not a barrier to appellant's right of appointment as executor. The statute concerning the estates of intestates provides for the appointment of administrators in the county in which the intestate was an inhabitant. §§2742, 2743 Burns 1914, Acts 1901 p. 281, §2228 R. S. 1881; but there is no such limitation as to the appointment of executors, and, in

the absence of a controlling statute, it has been held that the fact that the person named in the will as executor was a nonresident of the state, affords no ground for the court's refusal to grant letters testamentary to him. *In re Acker's Will, supra; Rice* v. *Tilton, supra; Hammond* v. *Wood, supra; Cutler, Gdn.* v. *Howard, supra.*

In this state, it is provided by statute, §2756 Burns 1914, §2240 R. S. 1881, that in the event that an executor removes from the state, the clerk shall appoint an administrator with the will annexed; but we know of no statute or authority that requires the revocation of letters testamentary, in the event of removal from the county only, nor of any authority that justifies the court in refusing to appoint an executor, on the ground that he is not a resident of the county in which the will was probated, and in which the testatrix resided. In the absence of controlling authority, the wishes of the testatrix as expressed in her will must be respected, and this is especially true where, as here, the will was written twelve years before the death of the testatrix, and she continued it without change, and to own stock in appellant company to the time of her death, and manifested her confidence in it at the time her will was executed by keeping a safety deposit box in its vaults.

Appellee contends that as both the subscribing witnesses to the will were at said time, and ever since have been, officers and stockholders in appellant company, the provision naming such company as executor is void, for the reason that such company would receive an allowance for services as such executor, and that therefore such company and subscribing witnesses would receive a beneficial interest under such will. Appellee cites *Scott* v. *O'Connor-Couch* (1915), 271 Ill. 395, 111 N. E. 272; but that case was under a statute of Illinois, expressly providing that where a per-

3.

son named as executor in the will is also an attesting witness, he may be compelled to testify in probate proceedings, where his testimony is necessary to establish the will, but that the result is to disqualify him as such executor. We have no such statute in this state, and it is expressly held that such a subscribing witness has no interest in the estate, and that by accepting the trust he would not thereby acquire an interest. *Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772. Such being the law, appellant in this case is certainly not disqualified to act as executor because some of its officers and stockholders acted as subscribing witnesses. And the fact that one of these officers and stockholders was present as a witness at the probate of the will, announcing at the time that he was there only in his individual capacity, did not work an estoppel against appellant from qualifying and being appointed within the twenty days' statutory time. Appellees were not misled thereby.

The judgment is reversed with instruction to the court to restate its conclusions of law in favor of appellant, and to render judgment accordingly.