## EVANSVILLE & TERRE HAUTE RAILROAD COMPANY *v.* YEAGER.

[No. 21,172.   Filed February 27, 1908.]

1. PLEADING.—*Complaint.*—*Railroads.*—*Injuring Shipper in Setting Car on Track.*—A complaint by a shipper against a railroad company alleging that in order to prevent a box-car, standing on his track, from striking the flat-car which he was loading, he boarded such box-car to set its brakes; that the company's servants, a half-mile distant, saw him at such work and knew his danger; that they negligently ran their train at a speed of thirty miles an hour and made a flying switch in order to set a car in on such track; that after seeing the excessive speed plaintiff had no time to get off of such car; that by reason of such flying switch, so made, plaintiff's car was violently struck, thereby severely injuring him, states no cause of action, since it fails to show what right he had in loading such car, or that such servants saw or knew of his danger when the flying switch was attempted, or that he had no time to get out of the way. pp. 140, 143.

2. SAME.—*Complaint.*—*Railroads.*—*Duty.*—*Acts Negligently Done.*—That a duty existed on the part of a railroad company to use care cannot be implied from an allegation in a complaint, that the act causing plaintiff's injury was negligently done.   p. 143.

3. APPEAL.—*Demurrers.*—*Exceptions.*—Where a complaint consists of several paragraphs, to each of which a demurrer was addressed, a separate exception to the ruling as to the third paragraph properly raises the question of the sufficiency of such paragraph. p. 143.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Elmer Yeager against the Evansville & Terre Haute Railroad Company. From a judgment on a verdict for plaintiff for $250, defendant appeals. Transferred from the Appellate Court under §1399 Burns 1908, Acts 1901, p. 565, §15. *Reversed.*

*John E. Iglehart, Edwin Taylor, E. H. Iglehart* and *G. V. Menzies,* for appellant.

*H. F. Clements* and *Fred P. Leonard,* for appellee.

GILLETT, J.—Action by appellee to recover damages for personal injuries. Error is assigned on the overruling of appellant's demurrer to each paragraph of the complaint. The third paragraph appears to have been the one on which the cause was submitted to the jury; and, as it is to a large extent of a representative character we shall give it particular consideration.

It appears from said paragraph, in substance, that on the day of the injury appellee was engaged in loading logs on a flat-car, which stood on a siding to the east of appellant's main track. The siding was 550 feet long, and a box-car stood about 75 feet to the north of the flat-car, in the direction of the switch which connected said siding with the main track. Appellee had ordered another car from appellant, and it was expected that it would be set in by an in-coming freight-train. Appellee had placed skids, ropes and other appliances on the car he was loading, as it was necessary to do, to assist him in such work, and any jar or collision received by said car from the box-car would have displaced said flat-car and disarranged said tackle, which fact was well known to both parties. The brakes on said box-car were not set, and any jar of or collision with said car would have caused it to run to the southward and against said flat-car. The paragraph then proceeds as follows: "And, while said plaintiff and John Montgomery were so loading logs on said flat-car, the defendant attempted to make a running or flying switch, and thereby place in on said switch the flat-car, heretofore promised by it; that at the time the defendant's train was coming southward and attempting the running switch, and when said train was one-half mile northward from the point where the switch or side-track branches off from the main track, the plaintiff, not knowing or believing that the defendant would attempt to make a running or flying switch, boarded the box car for the purpose of setting the brakes on said box-car so as to prevent it from being driven against said flat-car

which he was then loading; that on the side-track between the box-car and the point where the side-track branches off there was plenty of room for the number of cars that were ordinarily placed on said side-track, and plenty of room for the flat-car which the defendant had promised to place thereon, all of which the plaintiff well knew when he boarded the box-car for the purpose aforesaid; that, while the plaintiff was aboard said box-car, the defendant's servants saw him in that position when they were one-half mile north of him; that they knew the danger of his position if they ran their train violently against said box-car; that they knew the reason for his being on said car, and that if he could set the brake upon said box-car it would not be pushed against the flat-car by the cars which the defendant was attempting to place on said side-track; that it was necessary for him to set the brake on said box-car in order to prevent said box-car from striking said flat-car, and displacing said flat-car; that the plaintiff had not time, after he saw the defendant's servants were running their train at such a dangerous rate of speed in making said switch, to get down from said box-car, before said train struck said box-car; that, if the defendant had run its train at a reasonable rate of speed in making said switch, the plaintiff could easily have stopped said cars, which would have been run in on said side-track from said train, by setting the brakes on said box-car, and would have retained the flat-car he was loading in its proper place; that, while the plaintiff was upon the box-car aforesaid, the defendant's servants ran a part of its train at a negligent and unlawful rate of speed, to wit, thirty miles an hour, in and against said box-car, in making said running or flying switch; that said train struck said box-car with such force and violence that the plaintiff was thrown down and severely injured.''

It does not appear in said paragraph of complaint by what right or authority appellee engaged in loading the flat-car, and, at least in the absence of such a showing, we

are unable to say that it appears that appellee had a right to go on the box-car for the purpose of setting the brake. The paragraph, however, is defective in other respects. It appears from its averments that appellant's servants saw appellee on the box-car when they were one-half mile north of him. Whether they knew or had reason to apprehend, at the time of attempting to make the flying switch, that thereby they were placing him in peril, does not appear. For aught that is shown, the situation was such that appellee had abundant opportunity to descend from the car after setting the brake, and it may also be inferred that appellant's servants had every reason to believe that the transient act he was engaged in performing would be completed, and that he would be out of danger before the running cars reached the box-car. How long a space of time intervened between the time that appellant's servants first perceived that appellee was upon the box-car and the time that the collision occurred is left wholly to conjecture. If the cars moved toward appellee at the rate of thirty miles an hour, the rate at which they were proceeding at the time of the collision, he had at least one minute in which to set the brake and leave the car after the flying switch was attempted. Whether the initial act of giving to the cars the momentum under which they ran on the side-track involved a breach of duty, or whether there was a brakeman on said cars who neglected his duty, does not appear. In substance, the paragraph, with respect to its essential averments, simply charges that appellee was seen upon the car by appellant's servants when they were one-half mile away, and that they negligently attempted to make a flying switch, as a result of which the cars, while running at the speed of thirty miles an hour, collided with the box-car. It is not directly averred that appellee's position was one of danger; but, giving him the benefit of the inference that it became dangerous because of the physical facts, we are still unable to say that at the time the flying switch was attempted, or at the time of the

failure by a brakeman to check the cars, if such failure there was, the circumstances were such that it should have been perceived that appellee was in danger, or, in other words, it does not appear that a duty was neglected by appellant. No matter how careless the act of appellant's servants may have been in handling the cars, it nevertheless follows that, if they did not thereby violate a duty owing to appellee, there is no liability.

The showing that a duty existed to exercise care cannot be implied from the mere allegation that the act was negligently done. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, and cases cited; *Chicago, etc., R. Co.* v. *Lain* (1908), *ante,* 84. The opinion in the case last cited points out quite clearly some of the defects in the paragraph under discussion.

As before observed, so far as appears, appellee may have been on the car without right, but assuming that appellant's servants, if they perceived that he would be put in peril from which he could not well extricate himself, by the act which they were about to perform, were bound to use ordinary care to avail themselves of the "last clear chance" to save him, yet it is evident that the facts averred in the paragraph are not such that we can say that a duty was imposed upon appellant, whether appellee be regarded as a right doer or as a trespasser. See *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 9 L. R. A. (N. S.) 857.

The first and second paragraphs of the complaint are open to some, if not all of the objections pointed out to the third. Appellant's exceptions were not in gross. *Whitesell* v. *Strickler* (1907), 167 Ind. 602; *City of Decatur* v. *McKean* (1906), 167 Ind. 249. In fact, there was an entirely separate exception to the ruling on the third paragraph.

The judgment is reversed, with a direction to sustain the demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.