## EAST v. AMBURN.

[No. 6,961.   Filed April 28, 1911.]

1. NEGLIGENCE.—*Automobiles.*—*Complaint.*—A complaint by a teamster alleging that the defendant "was driving his automobile * * * at a high and dangerous rate of speed; * * * that as the defendant reached a point in the street almost opposite the plaintiff's team, he * * * suddenly turned his automobile and ran it directly at the team the plaintiff was driving and negligently and carelessly ran it at such a great and unlawful rate of speed, almost upon and against such team," as to cause such team to run away, to plaintiff's injury, is sufficient to show negligence in the driving of the automobile, as well as an unlawful speed (§10465 Burns 1908, Acts 1907 p. 558, §1), and the violation of a duty owing from defendant to plaintiff.   pp. 532, 533, 534.

2. PLEADING. — *Complaint.*—*Allegations.*—*Duty.*—*Conclusions.*—An allegation that it was the duty of defendant to do or not to do a certain thing, is a conclusion, a statement of the facts being necessary.   p. 533.

3. NEGLIGENCE. — *Automobiles.* — *Vehicles.* — *Use of Streets.* — The drivers of automobiles and of other vehicles have equal rights in the use of the streets, and they are required to use ordinary care to prevent injuries.   p. 534.

4. APPEAL.—*Transcript.*—*Precipe.*—*Partial.*—Where the precipe calls for a certain part of the record, other parts included therein will be disregarded.   p. 535.

5. APPEAL.—*Transcript.*—*Original Bills of Exceptions.*—*Precipe.*—Where the precipe calls for a transcript of the entire record, the original bill of exceptions may be properly included therein.   p. 535.

6. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 535.

From Superior Court of Madison County; *Cassius M. Greenlee,* Judge.

Action by Zachariah Amburn against Charles W. East. From a judgment on a verdict for plaintiff for $600, defendant appeals.   *Affirmed.*

*Charles E. Smith* and *Philip B. O'Neill,* for appellant. *B. H. Campbell* and *E. R. Call,* for appellee.

HOTTEL, J.—This was an action brought by appellee

against appellant for the recovery of damages on account of an injury received by appellee in a runaway which occurred on one of the streets of the city of Anderson, Indiana, which appellee alleged was caused by the carelessness and negligence of appellant in driving his automobile at a high, dangerous and unlawful rate of speed at and towards appellee's team, and almost upon and against it, thereby causing such team to take fright and run away, which resulted in appellee's injuries.

The complaint is in one paragraph, to which a demurrer was filed and overruled. The cause was put at issue by general denial. There was a trial by jury, a verdict for appellee in the sum of $600, together with answers to interrogatories, motion for judgment on the answers to interrogatories overruled, motion for new trial overruled, and judgment rendered on the general verdict.

The errors relied upon and presented by appellant's brief call in question the sufficiency of the amended complaint, and the ruling of the court on the motion for a new trial.

That part of the complaint necessary to the presentation of the question raised by appellant's counsel as to its sufficiency is as follows: "Plaintiff says that on May 26, 1905, he was riding on his dray  *   *   *  and driving a team of horses in a walk along the east side of Main street, going from north to south, between Tenth and Eleventh streets, which streets intersect Main street in the business portion of said city;  *   *   *  that he was exercising due care and caution to avoid danger;  *   *   *  that as he approached the intersection of Eleventh street and Main street defendant was driving his automobile along Main street, on the west side of the street, approaching Eleventh street from the south, running at a high, dangerous and unlawful rate of speed, to wit, twenty miles an hour; that on reaching a point in the street almost opposite plaintiff's team, defendant, without notice to plaintiff and without giv-

ing him an opportunity to avoid the automobile, and while running it at such high, dangerous and unlawful speed, suddenly turned his automobile and ran it directly toward the team plaintiff was driving, and negligently and carelessly ran it at such a great and unlawful rate of speed, almost upon and against said team, causing said team suddenly to shy and jump to one side, and to become so frightened that it ran away; * * * that said automobile ran upon and against said team so suddenly and unexpectedly that plaintiff was unable to protect himself.''

Appellant insists that the complaint is open to the objection that the only negligence charged is that the automobile was running at a high and unlawful rate of speed, and that this allegation, unaccompanied by any allegations as to appearance or noise made by the automobile, is not actionable negligence; and further, that the complaint fails to allege the existence of a duty on the part of appellant to protect appellee from the injury of which he complains.

The first ground of the objection to said complaint, viz., that the only negligence charged is the unlawful speed of the automobile, is not supported by the allegations of

1. the complaint. The unlawful and dangerous rate of speed is but one of the elements of the negligence charged, and this negligence is connected with and supplemented by the additional allegation that appellee ''suddenly turned his automobile and ran it directly toward the team plaintiff was driving, and carelessly and negligently ran it at such a great and unlawful rate of speed, almost upon and against said team.'' These allegations, we think, show clearly that the complaint is not open to the first ground of objection urged by appellant.

As supporting the second ground of his objection, appellant cites and relies upon the cases of Evansville, etc., R. Co. v. Yeager (1908), 170 Ind. 139, and Faris v. Hoberg (1893), 134 Ind. 269, 39 Am. St. 261. These authorities furnish no ground for appellant's contention here. These

cases simply recognize and assert a well-understood rule of general application to cases of negligence which requires the complaint in such cases to disclose, by proper averments, the existence of a duty upon the part of the person alleged to be negligent. The facts, however, in the cases just cited, each of which held that no such duty was shown, were entirely different from those presented by this case. The case of *Faris* v. *Hoberg, supra,* was one where the injured party was on the premises of the party sued, without invitation, but on an errand for himself, and while on such premises he fell into an elevator shaft. Of course, in such case, the court would hold that the complaint did not disclose that the party sued owed the injured party any duty. For the same reason, the case of *Evansville, etc., R. Co.* v. *Yeager, supra,* held that "it does not appear that a duty was neglected by appellant."

It is neither necessary nor proper for the complaint in such cases to aver that it was the duty of defendant to do or not to do a certain act. Such an averment would be a mere conclusion of the pleader. The rule is

2. that the pleading must aver facts from which the law will "imply an underlying duty." This rule is recognized in the case of *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 676, 17 L. R. A. (N. S.) 542, as follows: "The general rule in such cases is that the pleader must distinctly set forth in his complaint the facts which he claims create the duty that has been violated, and from the facts so stated the court will determine as a matter of law the existence or the nonexistence of the duty." See, also, *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247.

From the facts alleged in the complaint, the law implies the underlying duty which appellant owed appellee. The facts here pleaded disclose that both appellant and

1. appellee were traveling a public street of a city. They were where they had a right to be, and stood

upon an equality, so far as the use of the street was concerned. Each owed to the other the duty of managing, controlling and operating his own vehicle, whatever it might be, with ordinary care and caution to avoid inflicting injury upon the other, as well as to avoid receiving injury to himself. The averments of the complaint show that appellant violated this duty, by suddenly turning his automobile and running it directly toward plaintiff's team, at a dangerous and unlawful rate of speed, almost upon and against his team. *McIntyre* v. *Orner* (1906), 166 Ind. 57, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359; note to *Mahoney* v. *Maxfield* (1907), 14 L. R. A. (N. S.) 251; note to *Hennessey* v. *Taylor* (1905), 3 L. R. A. (N. S.) 345.

Counsel insist that one operating an automobile has the same rights to the use of the streets as one operating any other kind of vehicle. So he has; and he is also charged with the same degree of care and caution, and the same regard for the rights of others in the use of the streets. We desire to make no distinction in favor of or against the operator of an automobile, but it is his duty, the same as the driver of any other vehicle, to use care proportionate to the dangers to which the vehicle in which he travels exposes other travelers of the highway.

The allegation of the complaint, as to the speed of appellant's automobile, shows that it was being operated in violation of a positive statute of the State (§10465 Burns 1908, Acts 1907 p. 558, §1), and this, taken in connection with the other allegations of the complaint which show the manner of such operation with reference to plaintiff's team, is certainly sufficient to show a negligent operation, in violation of a duty which appellant owed to his fellow traveler in the street. There was no error in overruling the demurrer to the complaint.

The only ground of the motion for new trial urged by ap-

pellant is the insufficiency of the evidence.  Appellee contends that no question upon the evidence is presented, and, as reason therefor, insists that appellant's precipe for a transcript of the record fails to call for the original bill of exceptions or a copy thereof.  In this contention, we think appellee is in error.  If in fact the precipe for the transcript here in question called for only a part of the record and papers in the cause, then "any paper or entry not mentioned in such precipe would not become a part of the record on appeal although copied and embraced in the transcript and certified by the clerk, but would be disregarded."  *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 49.  And see *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298; *Brown* v. *Armfield* (1900), 155 Ind. 150; *Johnson* v. *Johnson* (1901), 156 Ind. 592; *Allen* v. *Gavin* (1892), 130 Ind. 190.

The cases cited and relied upon by appellee as supporting his contention are all cases where the precipe for the transcript called for specific parts of the records and files, but in this case the precipe calls for a transcript of the entire record, and follows the language of Elliott, App. Proc. note 2, p. 807, and we think it sufficient to bring into the record the original bill of exceptions, under the case of *Workman* v. *State, ex rel., supra,* and §§657, 667 Burns 1908; Acts 1897 p. 244, Acts 1903 p. 338, §7.

An examination of the evidence convinces us that every material allegation of the complaint was supported by some evidence.  In such case it is too well settled to require citation of authority, that the verdict will not be disturbed by this court.  The court below committed no error in overruling the motion for a new trial.

Counsel for appellant next insist that appellant's motion for judgment on the answers to interrogatories should have been sustained, but we have examined these answers, and

find no such irreconcilable conflict between them and the general verdict necessary to allow them to prevail against such verdict.

Judgment affirmed.