## CITY OF LOGANSPORT v. NEWBY.

[No. 7,492.    Filed March 26, 1912.]

1. TORT ACTION.—*Motion to Make Specific.*—*Bill of Particulars.*—*Pleading.*—An itemized bill of particulars is not usually required in an action in tort, and it was not error to overrule a motion to make the complaint, in an action for injury to property by the negligent construction and maintenance of a sewer system, more specific by setting out opposite each item of property injured the value thereof, although such motion might have been sustained with propriety. p. 677.

2. TORT ACTION.—*Injury to Property.*—*Allegation of Ownership.*—*Complaint.*—In an action for injury to property by the negligent construction and maintenance of a sewer, the allegations of the complaint, that the plaintiff during the month of January, 1907, up to and including the present time and for many years prior thereto, was the owner of a greenhouse located within defendant city, wherein he was engaged as a florist in the growing and raising of floral productions and placing same on the market, and

that about the middle of said month, by reason of the carelessness and negligence of said city in the construction and maintenance of said sewer, water and sewage therein collected, was poured upon plaintiff's said premises, causing the plants to become frozen, sufficiently show that plaintiff was the owner of and entitled to the possession of the property described at the time it was injured and that he is the real party interested in the recovery. p. 678.

3. MUNICIPAL CORPORATIONS.—*Powers and Functions.—Public Improvements.—Negligent Construction of Sewer.*—A municipal corporation in ordering the construction of a sewer acts only in its governmental capacity, for which it cannot be held responsible, but in the prosecution of the work it acts in a ministerial capacity and must see that the work is done in a proper manner and with due skill and care, and that the sewer is properly maintained thereafter. p. 679.

4. MUNICIPAL CORPORATIONS.—*Tort.—Defective Sewer.—Complaint.* —The complaint against a municipal corporation for injury to property by the negligent construction and maintenance of a sewer, based upon the theory that the sewer was so built and maintained as to cause a positive and direct invasion of plaintiff's property by turning thereon sewage and water which would not otherwise have flowed upon it, is not demurrable when all the essential averments, construed together, are sufficient to sustain that theory, and any averments which tend to discredit the plans adopted for the sewer or as to what should have been done in the first instance in its building so as to prevent water from escaping through the connections will be treated as surplusage. p. 679.

5. MUNICIPAL CORPORATIONS.—*Defective Sewer.—Complaint for Injury to Property.—Proof and Variance.*—In an action against a municipal corporation for injury to property caused by a defective sewer, where the complaint charges both negligent construction and negligent maintenance of the sewer, proof of one of such acts together with the other material allegations will support a finding for plaintiff. p. 680.

6. TRIAL.—*Reception of Evidence.—Discretion of Court.*—It is within the sound discretion of the trial court to allow the admission of evidence out of the regular order, or to permit the introduction of additional evidence, and such conduct will not be held erroneous unless such discretion was abused and the objecting party was harmed thereby. p. 681.

7. APPEAL.—*Motion for New Trial.—Waiver of Cause.* Specifications in motion for a new trial, not supported with argument or citation of authority, are waived. p. 682.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by John A. Newby against the City of Logansport. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George W. Funk,* for appellant.

*Frank V. Guthrie, Robert J. Loveland, Kistler & Kistler,* for appellee.

IBACH, P. J.—Appellee, who is a florist at Logansport, brought this action in the Cass Circuit Court to recover damages, which he avers were sustained by him on account of the negligent construction and maintenance by appellant of a certain sewer in the territory in which appellee's greenhouse is situated, whereby sewer water was caused to flow into his furnace, putting out the fires, and causing many of his plants and flowers to become frozen. Appellant's motion to require appellee to make his complaint more definite, certain and specific, was overruled, as was also a demurrer to the complaint. Answer of general denial was then filed. The cause was tried by the court without a jury. At the request of both parties, the court found the facts specially, and stated its conclusions of law thereon. Judgment in the sum of $3,210 was rendered on the conclusions of law in favor of appellee.

The substantial averments of the complaint are that to prevent leakage and diversion of the water and sewage from such sewer, and the pouring thereof on to plaintiff's said premises, it was necessary to construct and maintain said sewer with tight walls, and closed-pipe-joint connections, so as to make said sewer practically water tight, all of which defendant well knew, but defendant, by its officers, agents and employes, carelessly and negligently maintained said sewer with insecure, loose, leaky walls and open-joint connections, so that large volumes of water and sewage, when gathered in such sewer, would not be retained, and restrained from passing through the walls out upon plaintiff's said premises, and by reason of such negligent construc-

tion and maintenance of said sewer the water and sewage collected therein would and did in large quantities pass out through the walls of said sewer upon plaintiff's said premises; that about the middle of January, 1907, and after a large amount of rain fell, at a time when the temperature was below freezing, and when a large volume of water was collected within said sewer, by reason of the carelessness and negligence of said city in the construction and maintenance of its sewer, as before described, the water and sewage therein collected was in large quantities poured upon plaintiff's said premises and into the boiler and furnace room so as to and did put out the fires in the boiler, causing the plants to become frozen, notwithstanding plaintiff used all reasonable care in trying to prevent injury to his property, and to divert the water from his premises, and to supply other heating devices (Bill of particulars of property so injured, marked exhibit A, is filed herewith and made a part hereof) ; that by reason of the destruction of his property he is unable to place his products on the market; that he is unable to go upon the market and supply the products destroyed, so as to supply his trade and derive the profits therefrom; that he was further damaged, in supplying labor and devices in trying to save his property, in the sum of $325. and that in all he was damaged in the sum of $6,500.

The first error assigned is in denying appellant's motion to require the complaint to be made more definite, certain and specific, by setting out opposite each item of property in the bill of particulars the value thereof.

This is an action in tort, in which an itemized bill of particulars will not usually be required. This rule has been announced in a number of cases, and although they are not identical in form with this case, yet they are so closely related in principle as to justify the conclusion that the trial court did not err in overruling the motion under considera-

tion, although it might have been sustained with propriety. *Alleman* v. *Wheeler* (1885), 101 Ind. 141, 144; *Roberts* v. *Vornholt* (1891), 126 Ind. 511, 512; *Lemmon* v. *Moore* (1884), 94 Ind. 40, 43.

We are also impressed with the thought that no injustice was done appellant, or its rights prejudiced, by the refusal of the court to require appellee to set out the value of each item of property destroyed, for in any event the amount of appellee's recovery could alone be measured and ascertained from the proof introduced at the trial, coming from persons acquainted with the value of such articles.

It is next argued that the complaint is defective because it is not alleged in direct and positive terms that appellee was the owner of the properties damaged. We can-

2. not agree with appellant, for we find that the complaint directly charges "that plaintiff during the month of January, 1907, up to and including the present time, and for many years prior thereto, was the owner of a greenhouse located within said city, wherein he was engaged, as a florist, in growing and raising plants, shrubs, flowers and other floral productions such as are usually grown in a greenhouse, and in gathering and placing the products there produced on the general market." Considering these averments with the remaining portions of the complaint, it is made to appear with sufficient clearness that plaintiff was the owner of the properties described in the complaint, was in possession thereof at the time they were injured, and that he was the real party interested in recovering damages for their destruction. Bliss, Code Pl. (2d ed.) §23; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563; *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 340.

Appellant can only be held responsible to appellee, for such damages as he may have sustained by reason of the sewage and water being turned into his premises, on proof of

some fault or negligence upon its part, either in the construction of the sewer or in keeping it in proper condition and repair for the accomplishment of the purposes for which it was constructed. A municipal corporation in the exercise of the functions conferred on it by statute may order the construction of a sewer, and in doing so it acts only in a governmental capacity, for which it cannot be held responsible, but since the prosecution of the work is ministerial in its character, the municipality must see that the work of construction is done in a proper manner and with due skill and care and that it is properly maintained thereafter. *Weis* v. *City of Madison* (1881), 75 Ind. 241, 247, 39 Am. Rep. 135; *Aschoff* v. *City of Evansville* (1904), 34 Ind. App. 25, 31.

In the complaint before us, we find some averments which tend to discredit the plans of the sewer adopted by appellant, and also some other averments as to what should have been done in the first instance in building the sewer to have built it so as to prevent water from escaping through the connections. These allegations, however, may be treated as mere surplusage; they add nothing to the complaint and take nothing from it, and eliminating these from consideration, the remaining averments clearly show that the complaint is based on the theory that the sewer in question was so built and maintained as to cause a positive and direct invasion of plaintiff's private property, by turning thereon sewage and water which would not otherwise have flowed upon it. And when all the essential averments of the complaint are construed together, we find they are sufficient to sustain that theory, and the complaint was not subject to the demurrer directed against it. *City of Valparaiso* v. *Spaeth* (1906), 166 Ind. 14, 21; *City of Evansville* v. *Decker* (1882), 84 Ind. 325, 43 Am. Rep. 86; *City of Garrett* v. *Winterich* (1909), 44 Ind. App. 322; Dillon, Mun. Corp. (4th ed.) §1045; *Ashley* v. *Port Huron* (1878),

35 Mich. 296, 24 Am. Rep. 552. The last case cited is quite similar to the one at bar, and strongly supports the present decision. Judge Cooley, speaking for the supreme court of Michigan, said: "It is very manifest from this reference to authorities, that they recognize in municipal corporations no exception from responsibility where the injury an individual has received is a direct injury accomplished by a corporate act which is in the nature of a trespass upon him. The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more liberty to trespass upon it than has a private individual. If the corporation sends people with picks and spades to cut a street through it without first acquiring the right of way, it is liable for a tort, but it is no more liable under such circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more unjustifiable, and no more an actionable wrong, than the other."

Counsel for appellant further claims that the theory of this complaint is that the actual work of constructing the sewer was done by the officers, agents and employes of appellant, and the trial court finds that it was built by an independent contractor, that the facts so found are a departure from and make a different case from that stated in the complaint, therefore judgment should have been for appellant rather than for appellee, and consequently the court not only erred in stating the first conclusion of law on the facts found, but also committed error in refusing to grant appellee a new trial on the grounds that the decision of the court was contrary to law, and was not sustained by sufficient evidence, and further error was committed in refusing to sustain appellant's motion for judgment in its favor. These errors are presented and argued together, and what we may say with reference to one will apply equally to all.

We do not think that the complaint was drawn on the theory claimed by appellant, or that such was the theory adopted at the trial. The evident theory of the complaint, and the one pursued at the trial, was that appellant, by means of the sewer negligently constructed and maintained as it was, wrongfully collected a vast amount of water and sewage in it which would not have been so collected had such sewer not been so built, and thereby caused such water, so collected, to be turned upon appellee's premises, and damages were sustained by him on account thereof. The complaint charges both negligent construction and negligent maintenance of the sewer, either of which constitutes sufficient foundation for cause of action, and proof of one of such acts, together with the other material allegations of the complaint, would support a finding for appellee. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 149; *Gould Steel Co.* v. *Richards* (1903), 30 Ind. App. 348, 353. We are unable to conclude that the facts found by the court make a case different from the case stated in the complaint, but rather believe that they accord with the facts alleged, and are fully supported by the evidence.

Complaint is made that the court permitted appellee's witnesses, Larway, Reed and Cramer to testify to original matter in rebuttal. If this were admitted to be true, still there would be no reversible error. It is within the sound discretion of the trial court to allow the admission of evidence out of the usual or regular order, or to permit the introduction of additional evidence upon proper request, and before such conduct can be held to be erroneous it must appear that such discretion was abused and that appellant was harmed thereby. Appellant was in no way harmed by the action of the court in this respect. We hold, also, that the evidence thus introduced was competent. *Nave* v. *Flack* (1883), 90 Ind. 205, 46 Am. Rep. 205; *Miller* v. *Preble* (1895), 142 Ind. 632; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312.

The fourth and fifth causes assigned in the motion
7. for a new trial are waived, as neither specification is
supported with argument or by citation of authority.

What we have said with regard to the court's ruling on
the demurrer to the complaint, applies with equal force to
the assignment that the court erred in overruling appellant's
motion in arrest of judgment.

We find no reversible error in the record, and the judgment of the trial court is, therefore, in all things affirmed.

Lairy, J., not participating.