## STUDABAKER v. FAYLOR ET AL.

[No. 9,822. Filed January 9, 1917. Rehearing denied June 19, 1917. Transfer denied December 12, 1917.]

1. APPEAL.—Record.—Praecipe.—When the praecipe is in writing it becomes a part of the record and the clerk can only properly certify and authenticate such parts of the record as are designated therein. p. 182.

2. APPEAL.—Record.—Praecipe.—Papers Included.—On an appeal from a judgment rendered against a petitioner for appointment as executor of a will, a praecipe calling for a "complete transcript of the entire proceedings, papers on file and judgment in the above entitled cause," relates solely to the proceedings had on appellant's petition, and does not include the judgment in another action admitting the will to probate. p. 182.

3. APPEAL.—Record.—Probate of Will.—Appeal.—Statutes Governing.—Proceedings to probate a will are actions to determine the property rights of living persons, and such proceedings are not under the decedent's act, do not invoke the probate jurisdiction of the court, and an appeal therein is governed by the statutes regulating appeals in civil procedure and not by §2977 Burns 1914, §2424 R. S. 1881, §2978 Burns 1914, Acts 1913 p. 65, governing appeals growing out of any matter connected with a decedent's estate. p. 182.

4. APPEAL.—Record.—Appointment as Executor.—Probate of Will. —Proceedings to probate a will are separate and distinct from a

proceeding for the appointment of an administrator or executor, so that a judgment admitting a will to probate is not part of the record on appeal from an order denying appointment as executor to the person named in the will when the judgment of probate has not been offered in evidence. p. 183.

5. Executors and Administrators.—*Appointment of Executor.— Application.—Sufficiency.*—It was not reversible error for the trial court to overrule motions to strike out or to make more specific objections to the appointment as executor of the person named in the will, where the objections charged that after the execution of the will the executor by fraud and undue influence and without consideration obtained from testatrix a certain tract of land and immediately after her death entered into possession thereof, that thereafter the heirs and legatees obtained a judgment that he had no right or title in such real estate, that he had committed waste on the land and appropriated the rents and profits thereof, and was indebted to the estate and beneficiaries in a large amount, that he was an intermeddler, and that a feeling of distrust and antagonism existed between him and the heirs, devisees and legatees. p. 183.

6. Executors and Administrators.—*Appointment of Executor.— Objections to Application.—Demurrer.—Effect.*—Written objections to an application for appointment as executor stand as the answer thereto, and the demurrer to such objections admits the truth of the averments therein made. p. 184.

7. Executors and Administrators.—*Appointment of Executor. —Competency.—Determination.—Ruling on Demurrer.—Effect.*— Under §2737 Burns 1914, §2222 R. S. 1881, providing that no person shall be deemed competent to serve as an executor who at the time of application for letters shall be adjudged by the court incompetent to discharge the duties of executor by reason of improvidence or other incapacity, the overruling by the trial court of the demurrer to the written objections to the appointment of the person named in the will as executor was an adjudication that the facts alleged in such objections showed that person to be incompetent, or incapacitated. p. 184.

8. Executors and Administrators.—*Executor.—Competency to Serve.—Determination.—Discretion of Court.*—The determination of the competency and fitness of a person to act as executor is within the sound judicial discretion of the court having the power to appoint, and its action is subject to review only where the decision is clearly erroneous and the discretion has been abused. p. 184.

9. Executors and Administrators.—*Appointment of Executor.— Designation in Will.—Effect.—Objections to Appointment.—Duty of Court.*—The fact that a petitioner was named executor in the

will was only *prima facie* evidence of his right to the appointment, and the court had the power, and it was his duty, to refuse to appoint him, if the facts alleged in written objections to the appointment, taken as true, showed that the applicant was incompetent or incapacitated to properly discharge the duties devolving upon the executor.  p. 184.

From Wells Circuit Court; *C. W. Watkins,* Special Judge.

Petition by David D. Studabaker to be appointed executor of the will of Catherine Faylor, deceased, and Peter Faylor and others file objections.  From the judgment rendered, the petitioner appeals. *Affirmed.*

*Frank W. Gordon* and *George Mock,* for appellant.

*Simmons & Dailey* and *Sturgis & Stine,* for appellees.

FELT, C. J.—On March 8, 1913, the appellant David Studabaker, made written application to the Wells Circuit Court to be appointed executor of the will of Catherine Faylor, deceased, in which he alleged that he had been named executor by the will of the decedent, and that pending certain litigation an administrator had been appointed who had charge of the personal property of the estate.  Appellee Peter Faylor filed written objections to the appointment of appellant as executor, and appellant moved to strike out such objections, and also filed a motion to require said Faylor to make his objections more specific.  Each of said motions was overruled by the court, and appellant filed a demurrer to the objections of Faylor for alleged insufficiency of facts stated in such objections to defeat his appointment and the confirmation of his letters testamentary.

The court overruled the demurrer, and appellant refused to plead further, and elected to stand upon such rulings. Whereupon the court rendered judgment that appellant take nothing by his application, and that Peter Faylor and his coparties recover costs. From this judgment, rendered on May 27, 1916, appellant appealed, and has assigned as error the aforesaid rulings of the court.

The transcript was filed in this court on July 19, 1916, and the cause was submitted on August 18, 1916. Appellee's briefs were filed on November 10, 1916, in which they contend the appeal should be dismissed: (1) Because the record affirmatively shows that appellant has no appealable interest in the judgment for the reason that after the filing of appellant's application for letters the order of the court probating the will of the decedent was reversed by the Supreme Court, on appeal therefrom, and the record does not show that the will was thereafter probated; (2) the record does not show any order probating the will of decedent, nor that, within twenty days after such will was duly admitted to probate, appellant filed a written application for letters testamentary and gave bond as required by §2737 Burns 1914, §2222 R. S. 1881.

On December 4, 1916, appellant filed a petition for a writ of *certiorari*, in which it is in substance alleged that the transcript in this appeal is incomplete and incorrect because the clerk omitted certain matters therefrom called for by appellant's praecipe. The application for such writ then sets out "Pleas and proceedings before Hon. Jacob F. Denney, sole judge of the Fifty-eighth Judicial Circuit of the State of Indiana, and ex officio Judge of the Jay Circuit Court" at a term in March, 1916, in the case of

*Thomas Faylor et al.* v. *David D. Studabaker,* No. 15,607, relating to the probate of the will of Catharine Faylor, deceased. In said proceedings it is shown that the court adjudged and decreed that said will be admitted to probate, and ordered the clerk of the Wells Circuit Court to record the same and attach thereto a certificate stating that it has been admitted to probate, and also provided that: "The clerk of the Jay Circuit Court is hereby directed to make and transmit to the clerk of said Wells Circuit Court a true and complete transcript of this order and decree under his hand and the seal of this court."

Appellees are resisting the granting of the writ of *certiorari* because the application shows upon its face that the omitted matter called for is a part of the record of the Jay Circuit Court in cause No. 15,607 of that court; that it does not appear that the alleged omitted matter is a part of the record of the proceedings in this cause; that the clerk has not disobeyed, but has followed the praecipe and has not omitted from the transcript a part of the record in this cause.

The praecipe is as follows:

"State of Indiana, County of Wells, *ss.*
Wells Circuit Court, April Term, 1916.

"In the Matter of the Estate of
   Catherine Faylor, deceased.

David D. Studabaker
         vs.                  Praecipe for Transcript.
Peter Faylor, et al.

To the Clerk of the Wells Circuit Court:
   "The Clerk will prepare and certify a full, true and complete transcript of the entire proceedings, papers on file and judgment in the above entitled cause to be used on appeal to the

Supreme Court of Indiana, except the following papers, to wit:—''

The parts excepted are not material to the questions we are now called upon to decide.

Appellant in his brief in support of his petition for the writ of *certiorari,* says: ''This appeal is from the rulings in a cause in the Wells Circuit Court, entitled Peter Faylor, et al. vs. David D. Studabaker, No. 1,244, in which appellees filed written objections to the granting and confirmation of letters testamentary upon the estate of Catherine Faylor, deceased, to David D. Studabaker. * * * In this proceeding one of the appellees, Roy Faylor, caused to be probated a will of Catherine Faylor, deceased. * * *. Said cause was changed from the Wells Circuit Court to the Jay Circuit Court * * * in which court said will was probated and transcript filed with the clerk of the Wells Circuit Court.''

An examination of the transcript shows that on February 19, 1913, the will of decedent was ordered probated by the Wells Circuit Court, and that an appeal was prayed and granted to the Supreme Court from such order. On March 8, 1913, appellant made his application for appointment as executor of the will of decedent, Catherine Faylor, in which he alleged among other things that she died testate on July 8, 1902, and left a personal estate of $500 and some real estate; that he was named sole executor of her will; that the same was offered for probate soon after her death, but on account of objections was not probated until February 19, 1913, when the same was by order of the Wells Circuit Court duly admitted to probate; that pending the objections to the probate of the will an administrator was appointed to take charge of the personal estate and he has had charge

thereof during all said time. The application also contains formal allegations to show his competency and right to appointment. On March 10, 1913, Peter Faylor filed objections on behalf of himself and other legatees, to appellant's appointment, in which he alleged that he was a legatee and devisee under the will of Catherine Faylor, deceased; that an administrator had been duly appointed and had qualified and was acting as such; that after the execution of said will, on April 1, 1901, appellant by fraud and undue influence and without any consideration paid by him, obtained from Catharine Faylor a deed for 126 acres of real estate of the value of $12,000; that immediately after the death of said Catharine Faylor he entered into the possession thereof as his own; that the heirs and legatees of decedent began suit to recover said real estate and in 1909 obtained a judgment in their favor against appellant, that he had no right, title, or interest in said real estate, which judgment was duly affirmed by the Appellate Court of this state, and on application for a transfer the same was denied by the Supreme Court; that appellant has committed waste upon said real estate and appropriated the rents and profits thereof from 1901 to 1913; that appellant is indebted to the estate and the beneficiaries of said will in a large amount; that he is an intermeddler in said estate; that a feeling of distrust and antagonism exists between appellant and the heirs, devisees, and legatees aforesaid, and his appointment will be inimical to the best interests of said estate and of those entitled to share therein. The transcript also shows that on April 8, 1914, the opinion of the Supreme Court was by order of the court duly spread of record, which opinion reversed the order of the Wells Circuit Court admitting said will

to probate. As already pointed out, the rulings and judgment from which this appeal is prayed were made and entered on May 27, 1916.

Appellant shows that the probate of the will in the Jay Circuit Court was in the case of "Thomas Faylor, et al. vs. David D. Studabaker, et al., No. 15,607," and that in the Wells Circuit Court this cause was "entitled Peter Faylor, et al. vs. David D. Studabaker, No. 1,244."

When the praecipe is in writing it becomes a part of the record and "the clerk can only properly certify and authenticate such parts of the record as

1. are designated in the praecipe." *Guynn* v. *Newman* (1909), 174 Ind. 161, 163, 90 N. E. 759; *Johnson, Admr.,* v. *Johnson* (1900), 156 Ind. 592, 593, 60 N. E. 451; *East* v. *Amburn* (1910), 47 Ind. App. 530, 535, 94 N. E. 895.

In the case at bar the praecipe called for a "complete transcript of the entire proceedings, papers on file and judgment in the above entitled cause"

2. with certain designated exceptions, which cause and judgment relate solely to appellant's application for letters testamentary, the rulings of the court on intervening motions, and the judgment that he take nothing by such application. But we are of the opinion that under no praecipe in this case could the record asked for in the application for the writ of *certiorari* properly be brought into this transcript.

Proceedings to probate a will are actions to determine the property rights of living persons by establishing the evidence thereof, and they precede

3. the first steps in the settlement of the estate under the probate jurisdiction of the court. Such proceedings are not under the decedent's act, do not invoke the probate jurisdiction of the court,

and an appeal from the order and judgment of the court therein is governed by the statute regulating appeals in civil procedure and not by §2977 Burns 1914, §2454 R. S. 1881, §2978 Burns 1914, Acts 1913 p. 65, under which appeals must be prosecuted from decisions "growing out of any matter connected with a decedent's estate." *Morell* v. *Morell* (1901), 157 Ind. 179, 181, 60 N. E. 1092; *Vail* v. *Page* (1910), 175 Ind. 126, 129, 93 N. E. 705; *Harrison Nat. Bank* v. *Culbertson* (1896), 147 Ind. 611, 45 N. E. 657, 47 N. E. 13.

The proceedings to probate a will are so far separate and distinct from a proceeding for the appointment of an administrator or executor, where 4. the probate jurisdiction of the court is invoked, that to obtain the benefit of the former in a proceeding for the appointment of an executor, it would have to be offered as evidence at the trial, and could not be brought in as an inherent part of the record in the proceedings for such appointment.

While both parties to this appeal have treated the transcript of the opinion of the Supreme Court reversing the order probating the will as a proper part of the transcript, we do not so regard it.

It follows from what we have said that the request for a writ of *certiorari* must be denied.

Appellant saw fit to stand upon the rulings of the court without going to trial or offering evidence in support of his application for appointment.

The trial court did not commit reversible error in overruling the motion to strike out the objections to appellant's appointment, nor in overruling 5. the motion to make them more specific. Elliott, App. Proc. §665; *Pittsburgh, etc., R. Co.* v. *Simons* (1906), 168 Ind. 333, 339, 79 N. E. 911; *City*

*of Logansport* v. *Newby* (1911), 49 Ind. App. 674, 98 N. E. 4; *Cooper* v. *Cooper* (1908), 43 Ind. App. 620, 623, 88 N. E. 341.

6. The objections stand as the answer to appellant's petition for appointment, and the demurrer admits the truth of the averments therein made.

Section 2737 Burns 1914, *supra,* provides that no person shall be deemed competent to serve as an executor who at the time of application for letters

7. shall be adjudged by the court incompetent to discharge the duties of such executor by reason of improvidence or other incapacity. The trial court, by overruling the demurrer to the objections, adjudged that the facts alleged showed appellant to be incompetent, or incapacitated, to properly discharge the duties of executor of the decedent's will.

In determining the competency and fitness of a person to act in such capacity the court having the power to appoint is called upon to exercise a sound

8. judicial discretion, and his action in relation thereto is only subject to review where the decision is clearly erroneous and such discretion has been abused.

The fact that appellant was named executor in the will was only *prima facie* evidence of his right to the appointment, if the will had been probated as

9. alleged. The court had the power, and was in duty bound, to refuse to appoint him if the facts alleged in the objections to his appointment, taken as true, showed that he was incompetent or incapacitated to properly discharge the duties devolving upon the executor. *Cooper* v. *Cooper, supra; Wallis* v. *Cooper* (1890), 123 Ind. 40, 23 N. E. 977; *Shrum* v. *Naugle* (1898), 22 Ind. App. 98, 53 N. E.

243; *Toledo, etc., R. Co.* v. *Reeves* (1894), 8 Ind. App. 667, 671, 35 N. E. 199; *Curry* v. *Plessinger* (1911), 50 Ind. App. 166, 174, 96 N. E. 190, 97 N. E. 124.

In this view of the case it follows that the application for the writ of *certiorari* should be and is denied; that the appeal should not be dismissed, but that the judgment should be affirmed because no reversible error is shown by the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 772. Executors and administrators: order making or denying appointment, right of appeal, Ann. Cas. 1913C 358. See under (5-7) 18 Cyc 123-126.